QUESTEL *v.* CONDE ET AL.

APPEAL from the District Court of Ponce.

No. 747.—Decided June 28, 1912.

CAUSE OF ACTION—JUDGMENT BASED ON LAW—JUDGMENT BY CONSENT OF DEFEND-
ANT—INSUFFICIENT COMPLAINT.—When a complaint does not state facts suffi-
cient to constitute a cause of action and serve the trial court as grounds upon
which to base the declaration of a right, there is no doubt that said court
cannot grant the right claimed in the complaint although the party defend-
ant may fail to oppose the complaint and agree to the rendition of a judg-
ment in accordance with the prayer of the complaint, because in such a case
the judgment would not be based on law.

SUFFICIENCY OF COMPLAINT—APPEAL.—This court may examine the sufficiency of
the facts alleged in a complaint although said question may not have been
raised either in the lower court or in this court on appeal.

ACTION TO CLAIM FILIATION—PROCEDURE.—An action to claim filiation arising
under the provisions of Law 11 of Toro but not brought until after the Span-
ish Civil Code became effective should be regulated in so far as relates to the
proceedings thereof by the provisions of section 137 of the Spanish Civil Code.
*Gual et al. v. Bonafoux et al.,* 15 P. R. R., 545.

ID.—PRESCRIPTION OF ACTION FOR ACKNOWLEDGMENT.—In accordance with the
established jurisprudence of this court the time for bringing an action for
the acknowledgment of a natural child continues only during the period fixed
by law, and at the expiration of said period the right of the natural child to
acknowledgment is extinguished *ipso facto* and cannot be revived.

ID.—PRESCRIPTION OF ACTION FOR ACKNOWLEDGMENT—ACQUIESCENCE OF DEFEND-
ANT IN COMPLAINT—FAILURE TO ALLEGE PRESCRIPTION—JUDGMENT.—In ac-
cordance with the doctrine laid down in the preceding paragraph, when, as in
the case at bar, an action brought for the acknowledgment of a natural child
has already prescribed, the plaintiff's right is extinguished and even in case
the defendant has acquiesced in the complaint and failed to allege the prescrip-
tion of the action, consenting to the rendition of judgment in accordance with
the prayer of the complaint, the trial court may render judgment dismissing
the complaint on the ground that the action having prescribed the complaint
does not state facts sufficient to constitute a cause of action.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellant.

*Mr. Tomás Castillo* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Esteban Questel, brought an action in the District Court of Ponce on March 31, 1911, against the widow and children of Narciso Carreras Rivas as heirs of the latter, wherein he requested that he be declared the natural child of said Narciso Carreras Rivas, who died August 7, 1893, with the right, among such others as the law may grant him, to use his surname. This request was based on his having been born on August 24, 1876, of Juana Ceferina Questel while the latter lived in concubinage with Narciso Carreras Rivas, both being unmarried, such relation having existed until three years later, when his father married the defendant, Francisca Conde. The complaint also sets forth some facts tending to shows acts of acknowledgment on the part of his father.

The defendants filed as their sole allegation an answer in which they acknowledged the plaintiff as the natural child of Narciso Carreras Rivas, and therefore acquiesced in the complaint and requested the court to render judgment in accordance with the prayer thereof, without taxing costs against them.

The plaintiff then asked the court to render judgment without further procedure, and the latter rendered such judgment, which was entered the same day, August 22, 1911, dismissing the complaint without costs. From said judgment the plaintiff took an appeal to this Supreme Court.

The appellant assigns in his brief filed with us, as errors of the trial court, that it erroneously interpreted section 199 of the Civil Code of Porto Rico in connection with section 137 of the former Civil Code, and that said court unduly applied, through an erroneous interpretation thereof, section 109 of the Code of Civil Procedure.

From the extensive written opinion of the court in support of its judgment, it is seen that the complaint was dismissed because, as it appeared therefrom that the right which was

claimed was extinguished, it did not contain sufficient facts to determine a cause of action.

Of course, if a complaint does not contain sufficient facts as grounds upon which a court may decree a right, the latter cannot be conceded, although the defendant may not oppose the complaint and may acquiesce in that the right demanded should be granted because the judgment would not be based on the law.

For this reason the court must examine the allegations in order to ascertain if they are sufficient to grant the prayer, and even on appeal the court may investigate the sufficiency of the facts alleged in the complaint although the question has not been raised in the courts below.

The plaintiff, Esteban Questel, was born in March, 1876, and was, therefore, 17 years of age when, in 1893, Narciso Carreras Rivas died. In 1899 he attained full judicial capacity in accordance with the Spanish Civil Code then in force, but did not file his complaint until 12 years later—that is, in 1912.

Although the plaintiff was born under Law 11 of Toro, as he did not institute his action before the Spanish Civil Code became effective such action must be governed by the said law, but in the exercise thereof it must conform to the provisions of section 137 of the former Civil Code, as we have already decided in the case of *Gual* v. *Bonafoux* (15 P. R. R., 545.)

According to said section 137 of the Spanish Civil Code the child can institute an action for filiation or acknowledgment only during the life of its father, and should the latter die before the former attains his majority, then before the lapse of the first four years of his majority.

In accordance with this provision of law, Narciso Carreras Rivas having died when the plaintiff was 17 years of age and said plaintiff having attained his majority in 1899, the four years following such attainment expired in 1903.

As during that time the action was not instituted, but was

instituted eight years later, the question now arises as to whether his right extinguished in such manner that a judgment in his favor cannot be legally rendered because of the insufficiency of facts to determine a cause of action, notwithstanding the fact that the defendants did not allege in their favor the prescription of the action, but, on the contrary, acquiesced in the complaint filed by the plaintiff.

The answer to this question will depend on the nature of the legal provision contained in the aforesaid section 137.

In the aforesaid case of *Gual* v. *Bonafoux* this court has said:

"The right of the plaintiffs, Luis and Alfonso, to recognition as natural children, and consequently the action for a declaration of this right, having arisen before the old Spanish Civil Code went into effect, both right and action must subsist with the extension and according to the terms recognized by the prior legislation; but neither can have a longer *duration* than that prescribed by the code."

In the case of *Armsterdam* v. *Puente* (16 P. R. R., 527) this Supreme Court stated that—

"\* \* \* every natural child under any condition who did not bring his action in time would find himself forever barred."

In the case of *Rijos* v. *Folgueras* (16 P. R. R., 593) this court expressed its opinion as follows:

"When the parents do not recognize natural children in the manner mentioned, then the children must bring an action for filiation and obtain a judicial declaration of their right.

"If the parents and children were negligent, in such case they must suffer the consequences of their acts and blame themselves and not the law which regulated these questions, which are of such great social importance, in a uniform manner and for the good of all."

Section 137 of the Spanish Civil Code was modified by section 199 of the Revised Civil Code, which prescribes that an action to claim filiation may be filed at any time within

two years after the child shall become of age, and comment-
ing on such provision, which is similar to the former, we have
recently said, in the case of *Isabel de Jesús* v. *Succession of
Ramón Pérez Villamil:*

"Now, then, the plaintiff having been born on November 19, 1880,
became of age on the same day and month of 1901, when she reached
the age of 21 years, which is the majority age fixed by section 317 of
said code, and she did not bring this action of filiation until August
30, 1911, which is the date borne by the complaint. Her action had
already expired and has been terminated by the lapse of time fixed by
law. * * *. Notwithstanding the fact that she was capable of bring-
ing this action from the time the said code went into effect she has
failed to do it, and brought it when the period fixed by law had al-
ready expired. She was neither active nor diligent in the exercise of
her rights, and she herself is to blame for the loss of that right and
cannot blame the law that respects that right and only fixed the time
within which the same should be exercised. * * *

"That law is not applicable to the case at bar, because when the
same went into effect the present action of filiation had already ex-
pired in accordance with section 199 of the Revised Civil Code, and
the former law cannot revive a right that is already dead."

The preceding citations show that this Supreme Court is
of the fixed opinion that in accordance with section 137 of
the Spanish Civil Code, as well as with 199 of the Revised
Civil Code, the period for instituting an action for acknowl-
edgment lasts only during the time fixed by law. On the ex-
piration of these periods, therefore, the right extinguishes,
*ipso facto,* and cannot revive.

It is true that in all those cases the defendant pleaded
prescription, and in the present case this was not done; but
when, as we have said, the right extinguishes on the expira-
tion of the period granted by law for the exercise thereof,
although the defendant does not allege prescription, the plain-
tiff shall not for that reason have a cause of action.

The provisions of the two sections above cited fix the
lifetime of the father as the period within which the action
must be brought, and, as an exception, if the child is a minor

on the death of the father then the action must be brought before the lapse of the first four years after he attains his majority.

Considering the language of such provision, it is impossible to extend the period more than the time specified by the law, because if the action could be instituted, owing to the fact that prescription had not been pleaded, after the death of the father, or after the said four years, the law would be openly violated because the action would be instituted after the death of the father and after the lapse of the first four years of majority. It is therefore a period which the consent of the defendant cannot extend.

In view of the foregoing the lower court did not commit the errors assigned and therefore the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.